UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE HILL,

                 Plaintiff,

v.                                                                    5:23-CV-0396
                                                                      (GTS/TWD)
SOAR RESTAURANTS II LLC d/b/a Sonic
Drive In,

                 Defendant.

_____

APPEARANCES:                                              OF COUNSEL:

WILLIE HILL
    Plaintiff, *Pro se*
206 S. Alvord Street, Apartment 2
Syracuse, NY 13203

BOND, SCHOENECK & KING, PLLC                 HOWARD M. MILLER, ESQ.
    Counsel for Defendant
1010 Franklin Avenue, Suite 200
Garden City, NY 11530

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* employment discrimination action filed by

Willie Hill ("Plaintiff") against Soar Restaurants II LLC, d/b/a Sonic Drive In ("Defendant"), is

Defendant's motion for reconsideration of the Court's Decision and Order denying Defendant's

motion to dismiss.  (Dkt. No. 21.)  For the reasons set forth below, Defendant's motion is denied.

## I.      RELEVANT BACKGROUND

###       A.     Procedural History

On March 29, 2023, Plaintiff filed this *pro se* action alleging gender discrimination related to his employment.  (Dkt. No. 1.)  On May 31, 2023, Defendant moved to dismiss the Complaint for failure to state a claim.  (Dkt. No. 8.)  On March 25, 2024, the Court issued its Decision and Order on that motion, finding that Plaintiff had alleged facts plausibly suggesting a claim for employment discrimination based on his gender pursuant to Title VII.  (Dkt. No. 19.)  On April 5, 2024, Defendant filed the pending motion for reconsideration of that Decision and Order.  (Dkt. No. 21.)

### B.    Parties' Briefing on Defendant's Motion for Reconsideration

#### 1.    Defendant's Memorandum of Law

Generally, in its motion for reconsideration, Defendant makes three arguments.  (Dkt. No. 22.)  First, Defendant argues that the Court committed a clear error of law in declining to apply the same-actor inference because, even though *Buon v. Spindler*, 65 F.4th 64 (2d Cir. 2023), indicated that the Second Circuit has not conclusively determined whether the same-actor inference applies to Title VII claims, previous panels of the Second Circuit had indeed applied that inference to such claims.  (*Id.* at 6-8 [attaching pages "1" through "3" of Def.'s Memo. of Law].)  Defendant further argues that the Court committed a clear error of law in relying on the statement in *Buon* that the same-actor inference, even if applicable to Title VII claims, should not be applied at the motion-to-dismiss stage because that prohibition applies only in situations where "the plaintiff has otherwise set forth allegations that support a plausible inference of discrimination," which it argues Plaintiff has not done here.  (*Id.* at 8-11 [attaching pages "3" through "6" of Def.'s Memo. of Law].)

2

Second, Defendant argues that the Court committed a clear error of law in finding that Plaintiff has alleged an inference of discrimination because any such inference is undermined by the fact that Defendant hired another male employee to replace a terminated male employee during the relevant time period. (*Id.* at 11-12 [attaching pages "6" and "7" of Def.'s Memo. of Law].)

Third, Defendant argues that the Court committed a clear error of law in finding that Plaintiff has plausibly alleged a claim of discrimination because he was required to plead the existence of similarly situated comparators and failed to do so. (*Id.* at 12-15 [attaching pages "7" through "10" of Def.'s Memo. of Law].)

## 2. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion for reconsideration, Plaintiff makes four arguments: (1) Ms. Magaoay hired a male candidate to replace a male employee rather than a female candidate because she still had to hire people who were qualified and have enough staff to run the restaurant, and, given that 90-percent of the applicants were male, it was likely she would have to hire male employees even if she did not want to; (2) between June 14, 2022, and June 30, 2022, five male employees were fired, while no female employees were fired; (3) the fact that Ms. Magaoay hired and promoted him does not mean that she liked him, only that his qualifications and performance were sufficient, and the fact that she promoted him despite any time-and-attendance issues that Defendants now argue were present shows that such issues cannot be a valid reason for firing him; and (4) Ms. Magaoay's words and actions show that she was biased against men. (Dkt. No. 25, at 2-5 [attaching pages "1" through "4" of Plf.'s Opp'n Memo. of Law]; Dkt. No. 24, at 2-7 [attaching pages "1" through "6" of Plf.'s Suppl. Opp'n

Memo. of Law]; Dkt. No. 27, at 2-4 [attaching pages "1" through "3" of Plf.'s Second Suppl.

Opp'n Memo. of Law].)[1]

## II.    GOVERNING LEGAL STANDARD

Motions for reconsideration proceed in the Northern District of New York under Local

Rule 7.1(g) of the Court's Local Rules of Practice.  "A court may justifiably reconsider its

previous ruling under three circumstances: (1) there is an intervening change in the controlling

law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to

remedy a clear error of law or to prevent manifest injustice."  *Tanner v. Humphries*, 16-CV-1131,

2019 WL 2232930, at *2 (N.D.N.Y. May 23, 2019) (Suddaby, C.J.) (citing *Delaney v. Selsky*, 899

F.Supp. 923, 925 [N.D.N.Y. 1995] [McAvoy, C.J.]).  "A motion for reconsideration 'should not

be granted where the moving party seeks solely to relitigate an issue already decided.'"  *Tanner*,

2019 WL 2232930, at *2 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 [2d Cir. 1995]).

## III.    ANALYSIS

After careful consideration, the Court denies Defendant's motion for reconsideration for

the following reasons.

In response to Defendant's first argument (i.e., that the *Buon* Court overlooked the fact

that other panels of the Second Circuit had previously applied the same-actor inference in Title

VII cases, and in any event this Court should not have applied the *Buon* Court's prohibition

against permitting the same-actor inference at the motion-to-dismiss stage because that

prohibition is triggered only where "the plaintiff has otherwise set forth allegations that support a

---

[1]    The Court has considered Plaintiff's supplemental opposition papers out of special
solicitude to him as a *pro se* civil rights litigant.

plausible inference of discrimination," and Plaintiff has not done so here), the Court is not persuaded that any clear error has been committed.

Defendant's argument that this Court should not have applied *Buon* because various summary orders from the Second Circuit had previously applied the same-actor inference when analyzing Title VII claims glosses over, or flatly ignores, two fatal facts: (1) all the cases Defendant cites are only summary orders (and therefore non-precedential and not binding on this Court);[2] and (2) all of the cases Defendant cites were decided *before Buon*, which constitutes more-recent precedent on the issue than do those prior cases (absent some assurance that the Second Circuit would not follow it in the future).[3]  (Dkt. No. 22, at 6-8 [attaching pages "1" through "3" of Def.'s Memo. of Law].)

In any event, the Court is not persuaded by the non-precedential decisions cited by Defendant.  For the sake of brevity, the Court will not linger on the fact that all of these non-precedential Second Circuit decisions cited by Defendant occurred at the summary judgment stage.  (This fact alone makes them distinguishable from the situation here, which involved a motion to dismiss.)  More important is the fact that, in applying the same-actor inference to a

---

[2]      The Court notes that, contrary to Defendant's argument that the *Buon* Court "was apparently not aware" of the Second Circuit prior precedent on the issue (Dkt. No. 22, at 7 [attaching page "2" of Def.'s Memo. of Law]), the *Buon* Court cited at least some of that precedent – specifically a *reported* decision addressing the issue.  *Buon v. Spindler*, 65 F.4th 64, 84 (2d Cir. 2023) (citing *Feingold v. New York*, 366 F.3d 138, 155 & n.15 [2d Cir. 2004] [declining to "pass judgment on the extent to which [the same-actor] inference is either required or appropriate outside the [ADEA] context"]).  As a result, the only two reported decisions on the issue characterize the issue as unresolved.

[3]      *Cf. Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943) (concluding that, notwithstanding inconsistent decisions of state supreme court, the latest decision of the state supreme court "must be taken as controlling here unless it can be said with some assurance that the [state] [s]upreme [c]ourt will not follow [it] in the future.");

Title VII claim, the panel in *Villetti v. Guidepoint Global LLC* cites *Grady v. Affiliated Cent., Inc.,* 130 F.3d 553 (2d Cir. 1997), and *Jetter v. Knothe Corp.*, 324 F.3d 73, 76 (2d Cir. 2003) as its authority. *Villetti v. Guidepoint Global LLC*, 21-2059-cv, 2022 WL 2525662, at *4 (2d Cir. July 7, 2022). Yet, both *Grady* and *Jetter* involved ADEA claims, and the panel in *Villetti* did not explain why such inference also should apply in Title VII cases. The same is true for *Mastrolillo v. Connecticut*, 352 F. App'x 472, 474 (2d Cir. 2009), and *Filozof v. Monroe Cmty. Coll.*, 411 F. App'x 423 (2d Cir. 2011), both of which rely solely on a citation to *Grady* for applying the inference to a Title VII claim. The last cited case, *Cordell v. Verizon Commc'ns, Inc.*, 331 F. App'x 56, 58 (2d Cir. 2009), relied also on *Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000), which, like *Grady*, involved an ADEA claim. Therefore, none of those summary orders rely on solid legal authority for applying the same-actor inference to *Title VII* claims, nor do they explain their rationale for taking such action.

Because the Court finds the conclusions in these cases to rest on an unpersuasive legal foundation, and because, as already discussed, the Second Circuit has not made a precedential holding regarding the applicability of the same-actor inference to Title VII claims, the Court is not bound to adhere to the conclusions of the summary orders relied on by Defendant, and was not required to apply the same-actor inference in this case.

Further, the Court finds no merit to Defendant's argument that the Second Circuit's citation to decisions of other circuits when applying the same-actor inference in *Grady* somehow means the Second Circuit has adopted the viewpoint of those other circuits related to Title VII claims, given that *Grady* applied that inference in the context of an ADEA claim, and did not address Title VII at all. The relevant cases from other circuits cited in *Grady* also address ADEA

claims. *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 847 (1st Cir. 1993); *Lowe v. J.B. Hunt Transp. Inc.*, 963 F.2d 173, 174-75 (8th Cir. 1992); *Proud v. Stone*, 945 F.2d 796, 797 (4th Cir. 1991). The fact that the First, Eighth, and Fourth Circuits also might apply the same-actor inference to Title VII claims simply has no relevance to what the Second Circuit held in *Grady*.

Simply stated, contrary to Defendant's argument, the Court did not misapply the law: the current law of the Second Circuit is that it is not clear whether the same-actor inference applies to Title VII claims. Plaintiff has not pointed to any Second Circuit or Supreme Court decision, or change in federal law, since the time the Decision and Order was filed that would make the Court's reliance on *Buon* legally erroneous.

The Court also rejects Defendant's argument that it should not have applied the *Buon* Court's prohibition against permitting the same-actor inference at the motion-to-dismiss stage because that prohibition is triggered only where the plaintiff has otherwise set forth allegations that support a plausible inference of discrimination (and Plaintiff has not done so here). Granted, as the Court has previously found, *Buon* indicates that the same-actor inference is not relevant, and should not be applied, at the motion-to-dismiss stage "if the plaintiff has otherwise set forth allegations that support a plausible inference of discrimination." *Buon*, 65 F.4th at 84-85. However, here, the Court previously found that Plaintiff had alleged fact sufficient to support a plausible inference of discrimination, and that finding formed the basis for the Court's denial of Defendant's motion to dismiss. (Dkt. No. 19, at 12-18.) Defendant's current argument that the allegations are insufficient to support a plausible inference of discrimination is little more than an attempt to relitigate issues that have already been decided, which is not the function of a motion for reconsideration. *See, supra,* Part II of this Decision and Order (setting forth the legal

7

standard on such a motion).  The Court, in its Decision and Order, notably considered all of the allegations that Defendant now argues do not meet the pleading standard.  (Dkt. No. 22, at 8-12 [attaching pages "3" through "7" of Def.'s Memo. of Law].)  Defendant may disagree with the Court's conclusion in this respect, but that does not make it erroneous.

In response to Defendant's second argument (i.e., that the Court committed a clear error of law in finding that Plaintiff has alleged an inference of discrimination because any such inference is undermined by the fact that Defendant hired another male employee to replace a terminated male employee during the relevant time period), again the Court is not persuaded that any clear error has been committed.  Defendant argues that the Court overlooked its argument that, if Ms. Magaoay had discriminatory animus towards males, she would have hired a female employee rather than a male employee to replace terminated male employees, even if the applicant pool was 90-percent males.  (Dkt. No. 22, at 12 [attaching page "7" of Def.'s Memo. of Law].)  In fact, the Court was aware of, and did consider, this argument when deciding the motion to dismiss (even if it did not expressly discuss it in detail in the Decision and Order).  The Court notes that the case Defendant cites in support of its argument was rendered in the context of a summary judgment motion and, again, does not apply to the motion considered here.  In any event, the Court expressly clarifies here that Defendant's argument (which simultaneously places an extraordinary demand on the existence of discriminatory animus and relies on a certain amount of clairvoyance in knowing, before a termination, the composition of the pool of job applicants to replace the terminated employee) does not change the Court's determination that Plaintiff's factual allegations, when liberally construed in their entirety, give rise to the minimal inference of discriminatory intent required.

8

Finally, in response to Defendant's third argument (i.e., that that the Court committed a clear error of law in finding that Plaintiff has plausibly alleged a claim of discrimination because he was required to plead the existence of similarly situated comparators and failed to do so), again the Court is not persuaded that any clear error has been committed. While it is true that a plaintiff must plead the existence of a similarly situated comparator when asserting a disparate treatment claim, such allegations are not required for all discrimination claims. *See Wooding v. Winthrop Univ. Hosp.*, 16-CV-4477, 2017 WL 2559942, at *11 (E.D.N.Y. June 12, 2017) (finding that, although the plaintiff had not sufficiently alleged similarly situated comparators to sustain a disparate treatment claim, he did plausibly allege an inference of discrimination based on other evidence such as racially suspect remarks) Here, Plaintiff is *pro se*, and therefore the Court must interpret his Complaint as raising the strongest claims that can be found therein (consistent with the Complaint's factual allegations). *See Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (noting that courts should "construe complaints filed by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest") (internal quotation marks omitted). Although some of Plaintiff's factual allegations certainly do plausibly suggest that he is claiming discrimination because he (and other male employees) were fired from their jobs by Ms. Magaoay while female employees were not, that is not the *sole* basis of his discrimination claim. He also includes factual allegations that plausibly suggest discriminatory conduct towards men, both compared to women and without relation to how women were treated differently, as was discussed at length in the Court's prior Decision and Order. As a result, the Court does not liberally construe Plaintiff's Complaint as being based solely on disparate treatment as to the fact of his termination. As the Second Circuit has noted,

> Circumstances contributing to a permissible inference of discriminatory intent may include [(1)] the employer's continuing, after discharging the plaintiff, to seek applicants from persons of plaintiff's qualifications to fill that position, . . . [(2)] the employer's criticism of the plaintiff's performance in ethnically degrading terms, . . . [(3)] its invidious comments about others in the employee's protected group, . . . [(4)] the more favorable treatment of others not in the protected group, . . . [(5)] the sequence of events leading to the plaintiff's discharge . . . [(6)] or the timing of the discharge.

*Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994) (internal citations omitted);

*see also Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) ("An inference of

discrimination can arise from circumstances including, but not limited to, 'the employer's

criticism of the plaintiff's performance in [] degrading terms [related to a protected

characteristic]; or it invidious comments about others in the employee's protected group; or the

more favorable treatment of employees not in the protected group; or the sequence of events

leading to the plaintiff's discharge.'") (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 [2d

Cir. 2009]).

        Here, apart from alleging that Ms. Magaoay fired male employees and did not fire female

employees, Plaintiff also provided factual allegations at least minimally plausibly suggesting

animus against men, including comments made by Ms. Magaoay (some of which directly

implicated gender), the manner in which she treated Plaintiff and other male employees during

shifts, and the sequence of events leading to his termination, including being promoted to

manager not long before being fired (which he alleges plausibly suggests that any time-and-

attendance issues were not a real reason for his termination).  *See Vega v. Hempstead Union Free

Sch. Dist.,* 801 F.3d 72, 84-85 (2d Cir. 2015) (noting discrimination can be established by

"creating a 'mosaic' of intentional discrimination by identifying 'bits and pieces of evidence' that

together give rise to an inference of discrimination."). These other factual allegations provide a manner of plausibly suggesting an inference of discrimination that goes beyond merely asserting disparate treatment. Indeed, the similarly situated analysis is required in disparate treatment claims because the fact that a similarly situated person was not subjected to the same adverse action as the plaintiff is what itself raises the inference of discrimination. But here, where Plaintiff has alleged facts plausibly suggesting discrimination based on gender *beyond* the fact that female employees were not fired, he is not *required* to allege the existence of a similarly situated individual in order to state a discrimination claim. The multitude of cases Defendant cites do not contradict this finding. (Dkt. No. 22, at 13-15 [attaching pages "8" through "10" of Def.'s Memo. of Law].) *See, e.g., Kpaka v. City Univ. of New York*, 708 F. App'x 703, 705 (2d Cir. 2017) (finding no inference of discrimination because of absence of similarly situated individual where plaintiff had alleged only that she is Black and a relevant committee position was given to a white employee).

Simply stated, Plaintiff has alleged facts that plausibly suggest that he was subjected to discriminatory conduct based on his gender. The Court reiterates that "'the evidence necessary to satisfy the initial burden' of establishing that an adverse employment action occurred under circumstances giving rise to an inference of discrimination is 'minimal.'" *Littlejohn*, 795 F.3d at 313 (quoting *Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 [2d Cir. 2001]). That Defendant disagrees that this standard has been met is, again, not a proper basis for granting reconsideration. Many of Defendant's arguments, including reiterating that it believes there was a non-discriminatory reason for firing Plaintiff and that the Court should apply the same-actor inference, are more appropriately considered at the summary judgment stage. Here, on a motion

11

to dismiss, Plaintiff met his minimal burden and was not required to allege the existence of similarly situated comparators in order to do so.

For these reasons, the Court finds no legal or other error in the Decision and Order that requires reconsideration, and therefore denies Defendant's motion.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for reconsideration (Dkt. No. 21) is **DENIED**.

Dated: March 25, 2025
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge